PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DOUGLAS D. WILLIAMS,

       Plaintiff,

v.                                 **ORDER**

DANIEL J. GRANVILLE, ADAM J.          6:22-cv-6433-EAW
IMIOLO, TIMOTHY F. DONOVAN,
TIMOTHY F. CARNEY, PATRICK
MCMAHON, JOHN DOES 1-8, and
DANIEL T. MILBRANDT,

       Defendants.
_____

    *Pro se* plaintiff Douglas D. Williams ("Plaintiff") was a pretrial detainee confined at the Erie County Correctional Facility ("ECCF") when he filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 1). The complaint alleges that Defendants used excessive force against him, fabricated evidence, and illegally searched him, his vehicle, and two residences. (*Id*.). Plaintiff is seeking monetary damages and the return of personal property. (*Id*. at 5). He also submitted an application to proceed *in forma pauperis* and filed a signed authorization. (Dkt. 8; Dkt. 11).

    For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is granted. But Plaintiff's claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless he files an amended complaint which includes the necessary allegations as directed below.

**DISCUSSION**

The Court finds that Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the required authorization. (Dkt. 8; Dkt. 11). Therefore, he is granted permission to proceed *in forma pauperis* and, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must screen the complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.   **THE COMPLAINT**

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff brings suit against Erie County Sheriff's Supervisor Daniel Granville ("Granville"), Erie County Sheriff's Detective Adam J. Imiolo ("Imiolo"), Erie County Sheriff's Detective Timothy F. Donovan ("Donovan"), Erie County Sheriff's Detective Timothy F. Carney ("Carney"), Erie County Sheriff's Detective Patrick J. McMahon ("McMahon"), Erie County Deputy Sheriff Daniel T. Milbrandt ("Milbrandt"), Erie County Sheriff's Detective Robert Galbraith ("Galbraith"), and John Does 1-8 ("Doe" #1-8) (collectively, "Defendants"). Plaintiff alleges that on October 9, 2020, he drove his pickup truck to Syracuse, New York to purchase a ten-month-old puppy. (Dkt. 1 at 13). He had his twenty-month-old dog in a cage with him during the trip. (*Id.*).

After purchasing the puppy, Plaintiff was driving on the New York State Thruway when Defendant Doe #1 pulled him over near Clarence, New York, and instructed him to exit the vehicle. (*Id.*). Plaintiff asked why he was being stopped, and Doe #1 replied that he would tell him once he exited the vehicle. (*Id.*). When Plaintiff exited the vehicle, Doe #1 immediately searched him. (*Id.*).

Doe #1 handcuffed Plaintiff and placed him in the back seat of the police vehicle. (*Id.*). While Plaintiff was detained in the police vehicle, Carney and Does #2-3 searched Plaintiff's vehicle. (*Id.*). Defendants seized Plaintiff's vehicle and the two dogs. (*Id.*).

Plaintiff was transported in the back seat of the patrol vehicle to 45 Elm Street, where he was held in a room for over five and a half hours. (*Id.*). Plaintiff remained handcuffed behind his back during this time, and the handcuffs were not removed until his transfer to the Erie County Holding Center ("ECHC"). (*Id.*). As a result, Plaintiff lost feeling in his hands for several more hours. (*Id.*).

Later that day, Defendants obtained a warrant to search an apartment building at 2042 Bailey Avenue in Buffalo, New York. (*Id.* at 15). Imiolo knew that this building contained multiple apartments but misled the judge to obtain a search warrant for the entire structure. (*Id.*). Imiolo told the judge that Plaintiff was the current owner of the building. (*Id.*). Carney, Donovan, Galbraith, McMahon, and Granville searched the entire building. (*Id.*).

At approximately 8:00 p.m. on October 9, 2020, Doe #4 used a battering ram to enter Plaintiff's house at 24 Juniata Place in Buffalo, New York, and Imiolo, Granville, Carney, Donovan, McMahon, Galbraith, and Milbrandt ransacked the house without a search warrant. (*Id.* at 17). "Defendant John Doe #5 also crushed open [P]laintiff's safe with machinery." (*Id.*). Doe #6 seized Plaintiff's deceased mother's ashes, and Doe #7 broke surveillance cameras. (*Id.*). Plaintiff's security system notified Plaintiff's son that there were intruders in the home. (*Id.*). When Plaintiff's son asked what Defendants were doing in the house, Doe #8 falsely claimed that they had a search warrant. (*Id.*).

These events caused Plaintiff emotional distress and nightmares that interfere with his sleep. (*Id.* at 6). Plaintiff seeks monetary damages and the return of his mother's ashes. (*Id.*).

## II. SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A. Claims Barred by *Heck v. Humphrey*

The complaint, liberally construed, asserts that Defendants violated Plaintiff's rights under the Fourth Amendment by illegally searching his person, his vehicle, an apartment building at 2042 Bailey Avenue, and his home at 24 Juniata Place. (Dkt. 1 at 13-17). The complaint further alleges that Defendants "falsified evidence against" Plaintiff as a result of these illegal search and seizures. (*Id*. at 15).

It is well settled that if a judgment for a civil rights plaintiff "would necessarily imply the invalidity" of his underlying state criminal prosecution and conviction, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Courts "have consistently held that a § 1983 claim is [*Heck*]-barred if it challenges the sole search that provided the entirety of the evidence supporting a criminal charge," *Chapman v. Fais*, 540 F. Supp. 3d 304, 309 (E.D.N.Y. 2021) (quoting *Hartwich v. Annucci*, No. 5:20-CV-408, 2020 WL 6781562, at *6 (N.D.N.Y. Nov. 18, 2020)), and there was "no evidence that [the] conviction was reversed, declared invalid, or called into question by a federal court," *Purnell v. Scarglato*, 409 F. Supp. 3d 54, 57 (E.D.N.Y. 2019) (holding that *Heck* barred plaintiff's illegal search claims, because the "claims directly implicate his conviction in state court" and there was "no evidence that his conviction was reversed, declared invalid, or called into question by a federal court.").

The Supreme Court did note in *Heck* that "a suit for damages attributable to an allegedly unreasonable search . . . would not *necessarily* imply" that the state court conviction was unlawful if the relevant evidence was otherwise admissible under "doctrines like independent source and inevitable discovery, and especially harmless

error." 512 U.S. at 487 n.7 (citation omitted). At this early stage of the proceedings, "the relevant question is whether the illegal search alleged by Plaintiff is the sort of 'claim [that] implicate[s] the validity of Plaintiff's conviction.'" *Jennings v. Decker*, 359 F. Supp. 3d 196, 208 (N.D.N.Y. 2019) (quoting *Zarro v. Spitzer*, 274 F. App'x 31, 34 (2d Cir. 2008) (summary order)). Moreover, if the underlying criminal proceedings are pending trial:

> [I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Goolsby v. Oakes*, No. 16-CV-994-RJA, 2023 WL 3203614, at *3 (W.D.N.Y. May 2, 2023) (quoting *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

Here, on its face, the complaint raises *Heck* implications and some of Plaintiff's claims appear to be barred. The complaint contains no facts regarding Plaintiff's criminal charges, including the status of those proceedings and whether they were terminated in his favor. But on its face, Plaintiff's illegal search claims appear to be barred by *Heck*. However, the Court will afford Plaintiff an opportunity to amend the complaint to explain the status of his state court criminal proceedings and to demonstrate why his illegal search claims should not be dismissed as barred by *Heck*.[1]

---

[1] Even if Plaintiff's illegal search claim was not barred by *Heck*, the Fourth Amendment permits some searches similar to those described in the complaint. For example, the Fourth Amendment permits officers to "conduct a lawful search incident to arrest," such as the search of Plaintiff's person at the time of his arrest. *Singletary v. Allen*, 588 F. Supp. 3d 359, 372 (W.D.N.Y. 2022) (citing *United States v. Bell*, No. 19-CR-0717 (LAK), 2020 WL 370342, at *2 (S.D.N.Y. Jan. 22, 2020)). Moreover, the Supreme Court "has held that the search of an automobile can be reasonable without a warrant" if the officers "have probable cause to do so." *Collins v. Virginia*, 584 U.S. __, 138 S. Ct. 1663, 1669 (2018); *see also Spicer v. Burden*, 564 F. Supp. 3d 22, 30 (D. Conn. 2021) (observing that "police may search a car without a warrant if they have probable cause to believe there is contraband inside" (citing *Collins*, 138 S. Ct. at 1669-70)).

In addition to the claims arising from the searches, Plaintiff alleges that Defendants deprived him of his due process rights "by misleading the judge" and asserts a claim for "Fabrication of Evidence." (Dkt. 1 at 15). The Second Circuit has held that "a police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable corruption of the truth-seeking function of the trial process, and deprivation of life, liberty, or property under such circumstances violates the accused's right to due process." *Smalls v. Collins*, 10 F.4th 117, 133 (2d Cir. 2021) (internal quotation marks omitted). However, like his claims arising from purportedly illegal searches, Plaintiff's success on this claim could cast doubt on a criminal conviction and appears barred by *Heck*. The Supreme Court has held that a plaintiff's fabricated evidence claim "challenge[d] the validity of the criminal proceedings against him in essentially the same manner as the plaintiff in *Heck* challenged the validity of his conviction." *McDonough v. Smith*, 588 U.S. __, 139 S. Ct. 2149, 2158 (2019). Consequently, *Heck* typically precludes a fabrication of evidence claim in the absence of allegations that any prosecution or conviction based on the fabricated evidence was invalidated in some manner. *See McDonough*, 139 S. Ct. at 2158. "Where the plaintiff asserts a section 1983 fair-trial claim based on fabricated evidence, all that is required is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an *ongoing* prosecution or *outstanding* conviction." *Smalls*, 10 F.4th at 138.

Like the illegal search claims, the Court will afford Plaintiff an opportunity to amend his complaint to state the status of his criminal prosecution, as well as demonstrate why his fabrication of evidence claim is not barred by *Heck*.

### B.     Excessive Force

The complaint asserts a claim for excessive use of force based on handcuffing Plaintiff behind his back for more than five and a half hours. (Dkt. 1 at 13). In an excessive force case, the Second Circuit reasoned that "the Fourth Amendment standard probably should be applied at least to the period prior to the time when the person arrested is arraigned or formally charged, and remains in the custody (sole or joint) of the arresting officer." *Powell v. Gardner*, 891 F.2d 1039, 1044 (2d Cir. 1989). Plaintiff alleges that the handcuffs were removed upon his transfer to ECHC, which suggests that his allegations pertain to the period prior to the time when he was arraigned or formally charged. (Dkt. 1 at 13). Therefore, the Fourth Amendment objective reasonableness standard applies to his excessive force claim. *See Cugini v. City of New York*, 941 F.3d 604, 608 (2d Cir. 2019) (applying the Fourth Amendment standard to an excessive force claim arising from injuries caused by tight handcuffs).

This standard requires consideration of: (1) the severity of the crime; (2) the extent to which the arrestee poses an immediate safety threat; and (3) the extent to which the arrestee is attempting to flee or resist arrest. *See id.*; *see also Rogoz v. City of Hartford*, 796 F.3d 236, 246 (2d Cir. 2015) ("law enforcement officers violate the Fourth Amendment if the amount of force they use is 'objectively unreasonable' in light of the facts and circumstances confronting them" (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Moreover, the plaintiff must "demonstrate that the officer was made reasonably aware that the force used was excessive." *Cugini*, 941 F.3d at 608. A plaintiff can make this showing with allegations that the plaintiff communicated his or her distress

sufficiently to make a reasonable officer aware of the pain experienced, or with allegations that unreasonableness was apparent under the circumstances. *See id*.

"Courts in this Circuit have generally found that handcuffing does not suffice for an excessive force claim unless it causes some injury beyond temporary discomfort or bruising." *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 724 (S.D.N.Y. 2017) (quoting *Omor v. City of New York*, No. 13-CV-2439 (RA), 2015 WL 857587, at *7 (S.D.N.Y. Feb. 27, 2015)); *see also Selvaggio v. Patterson*, 93 F. Supp. 3d 54, 74 (E.D.N.Y. 2015) (noting that "[t]he injury requirement is particularly important, because in order to be effective, handcuffs must be tight enough to prevent the arrestee's hands from slipping out." (internal quotation marks and citations omitted)). Minor abrasions and bruises may be temporary or *de minimis* injuries that are insufficient to state an excessive force claim. *See Selvaggio*, 93 F. Supp. 3d at 74 (finding that "the temporary, admittedly 'minimal' abrasions or scabs that Plaintiff reports—for which medical treatment was found unnecessary—do not rise to the level of injury that courts in this circuit have held to satisfy the injury requirement"); *Gersbacher v. City of New York*, 134 F. Supp. 3d 711, 724 (S.D.N.Y. 2015) (noting that tight handcuffs did not constitute excessive force, where the only injuries alleged were cuts and bruises on the plaintiff's wrists).

Here, the complaint does not assert that the handcuffs were too tight or allege that Plaintiff complained to Defendants regarding any discomfort caused by the handcuffs. This claim is based solely on the length of confinement in handcuffs and temporary numbness in Plaintiff's hands. (Dkt. 1 at 13); *see*, *e.g.*, *Davis v. Fischer*, No. 09-CV-6084 CJS, 2012 WL 177400, at *9 (W.D.N.Y. Jan. 20, 2012) (granting summary judgment in defendants' favor on claim "that as a result of being handcuffed, [Plaintiff] lost feeling in

his left hand"). Plaintiff does not allege a lasting injury or that he required any medical treatment. These allegations do not state a viable excessive force claim, and this claim is dismissed with leave to amend.

### III. OFFICIAL CAPACITY CLAIMS

The defendants in this action are employees of the Erie County Sheriff's Office, and Plaintiff asserts claims against each defendant in his or her official capacity. Erie County is the real party in interest for official capacity claims asserted against its employees. However, a local government such as Erie County may not be held liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely based on the doctrine of *respondeat superior*. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694. To hold a municipality liable in a § 1983 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks omitted); *see also Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (collecting cases) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

Plaintiff has not alleged unconstitutional conduct that occurred pursuant to an official custom or policy. Accordingly, Plaintiff's official capacity claims are dismissed, with leave to amend.

## **CONCLUSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, his request to proceed *in forma pauperis* is granted. (Dkt. 8; Dkt. 11). For the reasons state above, the complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless Plaintiff files an amended complaint **no later than 45 days from the date of this Order** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. The amended complaint must set forth the status of Plaintiff's underlying state criminal prosecution and explain, if possible, why his illegal search and fabrication of evidence claims are not barred by the favorable-termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Plaintiff is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, the amended complaint must include all of the allegations against Defendants so that it may stand alone as the sole complaint in this action which Defendants must answer.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed as frivolous or malicious or for failing to state a claim upon which relief may be granted or for seeking monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); *see also* 28 U.S.C. §§ 1915(e)(2)(B); 1915(g).

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 8) is granted; and it is further

ORDERED that Plaintiff is granted leave to file an amended complaint as directed above by no later than **45 days from the date of this Order**; and it is further

ORDERED that the Clerk of Court is directed to send to Plaintiff this Order, a copy of the complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that in the event Plaintiff fails to file an amended complaint as directed **within 45 days from the date of this Order**, the complaint shall be dismissed without further order of the Court; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint **within 45 days from the date of this Order**, the dismissal shall be without prejudice to the extent it is based on *Heck*; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint **within 45 days from the date of this Order**, the Clerk of Court shall close this case as dismissed without further order; and it is further

ORDERED that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint **within 45 days from the date of this Order**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the

United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:   December 18, 2023
         Rochester, New York